■ In the Matter of SHANIQUA L. and Another, Children Alleged to be Neglected. COMMISSIONER OF SOCIAL SERVICES, Appellant; GARY L., Respondent, et al., Respondent. [597 NYS2d 301] —Order of the Family Court, New York County (Ruth Jane Zuckerman, J.), signed March 4, 1992 and entered on or about May 12, 1992, which, *inter alia,* dismissed a petition brought pursuant to Family Court Act § 1031 for a finding of neglect as against respondent Gary L., unanimously reversed, to the extent appealed from, the petition reinstated as against respondent, and the matter remitted to Family Court for a fact-finding hearing before a different Judge, without costs.

The neglect petition brought against respondent father charges him with abandonment of his children, Shaniqua and Sidney. It is alleged that, for a period of over seven months, respondent failed to visit or communicate with the children who had been placed with different foster care agencies. At a hearing held on May 21, 1991, evidence of neglect was limited by the court to the hearsay statement of a caseworker for the Child Welfare Agency, who stated that the father admitted failing to visit the children. The court concluded that the evidence against respondent father does not constitute abandonment under article 10 of the Family Court Act which, the

court stated, was invoked by the Commissioner to circumvent a lapse in child care placement. A neglect petition against the mother based on the same theory was sustained as substantially supported by the facts. Final disposition was adjourned pending further investigation. The results of that investigation, contained in reports dated July 19, 1991 and November 18, 1991, respectively, stated that, for a period of over a year, neither parent visited the children, contacted the agencies to discuss planning for the children, or exhibited any interest in providing for the children.

A finding of neglect may be predicated upon abandonment as defined in section 384-b (5) of the Social Services Law (Family Ct Act § 1012 [f] [ii]). Pursuant to that statute, a six-month period without communication between the parent and the child, or the agency having custody, is sufficient to warrant termination of parental rights (*Matter of Crawford,* 153 AD2d 108). For the more limited purposes of neglect proceedings, abandonment need only be shown by a preponderance of the evidence (Family Ct Act § 1046 [b] [i]).

Even ignoring the subsequent investigative report, the petition sets forth a statutory basis for a finding of neglect. Thus, a fact-finding hearing is mandated to determine if there is sufficient evidence to sustain a finding of neglect against respondent father on the ground of abandonment, and Family Court's precipitous dismissal of the petition was erroneous. Concur—Carro, J. P., Ellerin, Wallach, Kassal and Rubin, JJ.