■ In the Matter of BABY GIRL GG., a Child Alleged to be Abandoned. FAMILY TREE ADOPTION AGENCY, INC., Respondent; MARY GG., Appellant. [690 NYS2d 752] —Mercure, J. Appeal from

an order of the Family Court of Rensselaer County (Hummel, J.), entered January 14, 1998, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate Baby Girl GG. an abandoned child and terminated respondent's parental rights.

Respondent gave birth to an out-of-wedlock child on September 17, 1996. The following day, she executed a voluntary agreement transferring the custody of the child to petitioner, an authorized adoption agency, for placement in foster care. Respondent thereafter cooperated with petitioner in selecting suitable adoptive parents for the child and on October 31, 1996, respondent and the child's father met with prospective adoptive parents and decided that they wanted the adoptive parents to have the child. Physical custody of the child was transferred to the adoptive parents on November 5, 1996, at which time they took the child to live with them at their home in Tioga County.

On June 17, 1997, respondent wrote to petitioner requesting that the child be returned to her. By order to show cause signed on July 8, 1997, petitioner commenced this proceeding for an order declaring the child to have been abandoned. Respondent cross-moved for the return of the child to her. After a fact-finding hearing conducted over the course of six days, Family Court concluded that respondent had in fact abandoned the child and terminated respondent's parental rights. Respondent appeals.

In our view, Family Court's extensive findings and conclusions are amply supported by the evidence adduced at the lengthy fact-finding hearing and by the applicable statutory and common law. We accordingly affirm. Initially, we are unpersuaded by respondent's attack on the validity of the voluntary placement agreement. Respondent's effort to equate her situation to the "horror story" of *Matter of Tricia Lashawnda M.* (113 Misc 2d 287, *appeal dismissed* 96 AD2d 1100) falls far short. As correctly found by Family Court, no persuasive evidence was presented at the hearing to support a finding that respondent's execution of the instrument approximately 20 hours following the birth of the child was other than voluntary, knowing and intelligent. To the contrary, the testimony of petitioner's adoption assistant, Renee Rogowski, established that respondent (then 17 years old) was accompanied by Tina Zlotnick, the child's paternal grandmother, with whom respondent was living at the time, and that respondent read the document at length and had Zlotnick read it before respondent signed it. Although respondent testified that she was not feel-

ing well at the time, there is no reason to believe that she was suffering from any disability or illness or was under the influence of any anesthesia or medication that would have clouded her judgment. Further, in respondent's characterization of petitioner as greedy, unscrupulous, exploitive and bullying, she fails to mention that it was she who made the initial contact and advised petitioner of her desire to give her then unborn child up for adoption.

We are also unpersuaded that petitioner failed to establish by clear and convincing evidence that respondent abandoned the child for a period of six months immediately prior to the filing of the petition (*see,* Social Services Law § 384-b [3] [g]; [4] [b]; *Matter of Charles U.,* 254 AD2d 588; *Matter of Candice K.,* 245 AD2d 821). The hearing evidence supports a finding that, although able to do so, respondent saw the child but twice prior to her placement with the adoptive parents and no times thereafter. In our view, respondent made no persuasive showing that any good reason existed for her failure to visit with the child (*see, Matter of Christina S.,* 251 AD2d 982; *Matter of John Z.,* 209 AD2d 821).

Although respondent makes much of the distance between her home in the Capital District and the adoptive parents' home in Tioga County, the record establishes that the adoptive parents were selected by respondent because of their religious affiliation, despite expressed cautions about the distance involved. In any event, the evidence shows that between November 5, 1996 and June 17, 1997, respondent never contacted petitioner in an effort to request visitation or to inquire about her child. Finally, we agree with Family Court's conclusion that respondent's March 1997 request for pictures of the child and her June 1997 letter seeking return of the child constitute sporadic contacts, insufficient to defeat the abandonment petition (*see, Matter of Charles U.,* 254 AD2d 588, *supra; Matter of Candice K.,* 245 AD2d 821, *supra; Matter of Alexander V.,* 179 AD2d 913).

Respondent's remaining contentions have been considered and found to be unavailing.

Mikoll, J. P., Crew III, Yesawich Jr. and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.