■ In the Matter of CHANTELLE TT., a Child Alleged to be Abandoned. SARATOGA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LISA UU., Appellant. [721 NYS2d 417] —Crew III, J. P. Appeal from an order of the Family Court of Saratoga County (Seibert, Jr., J.), entered October 6, 1999, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate Chantelle TT. an abandoned child, and terminated respondent's parental rights.

Respondent is the biological mother of Chantelle TT. (born in 1989). The child initially was placed in foster care in August 1993, following respondent's admission as to certain allegations of neglect, and numerous extensions of placement subsequently were granted. Thereafter, in August 1998, petitioner commenced the instant proceeding seeking to terminate respondent's parental rights,[1] contending that respondent had abandoned her child. Following a fact-finding hearing, Family Court concluded that petitioner had estab-

---

1. It appears that the parental rights of Chantelle's biological father previously were terminated.

lished, by clear and convincing evidence, that respondent abandoned her child and terminated respondent's rights. This appeal by respondent ensued.

We affirm. "A finding of abandonment will be warranted when it is established, by clear and convincing evidence, that during the six-month period immediately prior to the date of the filing of the petition, respondent failed to visit or communicate with the child or petitioner although able to do so, if not prevented or discouraged from doing so by petitioner (citations omitted)" (*Matter of Arianna SS.*, 275 AD2d 498, 499; *see, Matter of Nahja I.*, 279 AD2d 666). A parent's ability to communicate is presumed absent evidence that the lack of such contact was somehow justified (*see, Matter of Richard X.*, 226 AD2d 762, 765, *lv denied* 88 NY2d 808). Further, petitioner is not obligated in a proceeding such as this to demonstrate that it exercised diligent efforts to foster communication (*see, Matter of Nahiem G.*, 241 AD2d 632, 634); rather, the burden is upon respondent to demonstrate that she maintained sufficient contact with her child or petitioner (*see, Matter of Nahja I.*, *supra*, at 667). In this regard, sporadic or insubstantial contact is insufficient to defeat a finding of abandonment (*see, id.*, at 667; *Matter of Omar RR.*, 270 AD2d 588, 590).

Applying these principles to the matter before us, it is abundantly clear that respondent indeed abandoned Chantelle. Although respondent petitioned for Chantelle's return in August 1998, respondent only contacted petitioner once during the relevant time period (February 17, 1998 to August 17, 1998)—to arrange a visit with Chantelle that respondent then failed to attend. As to contact with Chantelle, the record reflects that respondent visited Chantelle once in March 1998 and spoke with her on the phone in February 1998 and again in June 1998. The record further reflects that each of these contacts occurred while Chantelle was visiting her maternal grandmother and all were initiated by the grandmother, i.e., respondent did not personally make any effort to visit or telephone her child during this time period. Such infrequent and insubstantial contact is not sufficient to defeat the underlying petition[2] Accordingly, Family Court properly concluded that petitioner established, by clear and convincing evidence, that respondent abandoned her child.

---

2. As Family Court accepted proof of contact between respondent and Chantelle that occurred outside the statutory period, respondent argues on appeal that we should consider such visits in determining whether she maintained sufficient contact with her child. Even accepting respondent's argument on this point, the visits that occurred (again either at the grandmother's home or at the grandmother's behest) in December 1997,

Nor are we persuaded that Family Court erred in failing to conduct a dispositional hearing in this matter. As a starting point, "there is no statutory requirement that a dispositional hearing be conducted in connection with a proceeding based upon the ground of abandonment" (*Matter of Alex MM.*, 260 AD2d 675, 676). Moreover, in view of respondent's demonstrated failure to maintain contact with her child and the length of time that Chantelle has been in foster care, we cannot say that Family Court abused its discretion in dispensing with a dispositional hearing in this matter.

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.

October 1998 and December 1998, respectively, are insufficient to warrant dismissal of the underlying petition.