██ In the Matter of ALEC B. and Others, Children Alleged to be Abandoned. COLUMBIA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DAWN B., Appellant. [824 NYS2d 475]—

Rose, J. Appeal from an order of the Family Court of Columbia County (Czajka, J.), entered October 6, 2005, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's children to be abandoned, and terminated respondent's parental rights.

Respondent's four minor children were removed from her custody in 2004 and placed in petitioner's care after a neglect petition was filed and she failed to appear at the hearing. She then made very little contact with petitioner or any of the children during the seven months following their removal, prompting petitioner to seek termination of her parental rights on the ground that her lack of contact constituted abandonment. Following a fact-finding hearing, Family Court granted the petition and terminated respondent's parental rights.

We will not disturb a determination of abandonment if clear and convincing evidence supports the finding that the parent failed to visit or communicate with the child or the petitioning agency during the six-month period immediately prior to the date of the filing of the petition, although able to do so and not prevented or discouraged from doing so by the petitioner (*see* Social Services Law § 384-b [5] [a]; *Matter of Kerrianne AA.*, 1 AD3d 835, 836 [2003], *lv denied* 1 NY3d 507 [2004]; *Matter of Gabrielle HH.*, 306 AD2d 571, 572 [2003], *affd* 1 NY3d 549, 550

[2003]). Once a lack of communication and visitation is established, the burden shifts to the parent to demonstrate that he or she personally maintained sufficient contact with the child or the petitioner; sporadic or insubstantial contact will not suffice (*see Matter of Peter F.*, 281 AD2d 821, 823 [2001]; *Matter of Chantelle TT.*, 281 AD2d 660, 661 [2001]).

Here, during the pertinent time period and despite numerous letters sent by the children's caseworker, respondent's claimed contacts with petitioner and two of the four children were, even if credited, so infrequent and insubstantial as to be plainly insufficient and "evince an intent to forgo her parental rights and obligations" (*Matter of Yvonne N.*, 16 AD3d 789, 791 [2005]). Respondent neglected to secure a suitable place to live during the relevant time period, offered no plan for housing or supporting the children and did not formally apply for visitation until the petition to terminate her parental rights was filed. Respondent's alleged emotional turmoil, homelessness and involvement in an abusive relationship did not render her incapable of making contact with petitioner (*see Matter of Yvonne N., supra* at 791; *Matter of John Z.*, 209 AD2d 821, 822 [1994]), and her claim that her adult daughter kept her informed about the minor children is inadequate (*see Matter of Andre W.*, 298 AD2d 206, 206 [2002]).

Nor did petitioner prevent or discourage respondent from contacting the children by insisting that she first formally apply to Family Court for visitation. This minimal requirement had been imposed by the court's order in the neglect proceeding and petitioner properly communicated it to her. It was a reasonable precondition, given her default in that proceeding, and there was no evidence that respondent made any attempt to meet it during the relevant time period (*see Matter of Andrea A.*, 12 AD3d 991, 992 [2004], *lv denied* 4 NY3d 705 [2005]).

Mercure, J.P., Spain, Mugglin and Kane, JJ., concur. Ordered that the order is affirmed, without costs.