In the Matter of MALIKAH MM. and Others, Children Alleged to be Abandoned. SCHENECTADY COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; NORMAN MM., Appellant. [835 NYS2d 745]—

Carpinello, J. Appeal from an order of the Family Court of Schenectady County (Assini, J.), entered July 25, 2006, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's children to be abandoned and terminated respondent's parental rights.

The four children who are the subject of this proceeding have been in petitioner's custody since the spring of 2003 by way of voluntary placement agreements executed by their parents. In January 2006, this abandonment proceeding was commenced against respondent, their father. Following a fact-finding hear-

ing at which respondent was represented by counsel but failed to personally appear, Family Court found that petitioner proved abandonment by clear and convincing evidence and terminated respondent's parental rights. He now appeals.

A determination of abandonment will not be disturbed by this Court if clear and convincing evidence supports the finding that a parent has failed to visit or communicate with his or her children or the petitioning agency during the six-month period immediately prior to the date of the filing of the petition, although able to do so and not prevented or discouraged from doing so by that agency (see Social Services Law § 384-b [4] [b]; [5] [a]). Testimony adduced during the fact-finding hearing in this proceeding established that respondent had no contact with the children during the six-month period preceding the filing of the abandonment petition, that he missed scheduled visitation without explanation and that petitioner's caseworkers made numerous attempts to contact him about visitation without success.

Testimony further established that respondent only had two minimal contacts with petitioner itself during the relevant time period. The first contact was during a court appearance in the fall of 2004 at which time his caseworker inquired about his failure to attend scheduled visitation and informed him of his next scheduled visit, which he thereafter missed as well. The second contact occurred on January 11, 2005. At 5:00 A.M. on this day, respondent left a voice mail message for the new caseworker assigned to his case. This caseworker promptly attempted to call him back but was unable to reach him. She did leave a message on his voice mail instructing him to contact her during normal business hours so she could set up visitation. While he eventually called her back, this contact occurred after the filing of the subject petition. Visitation was scheduled at this time; respondent, however, failed to show up for it.

In our view, this evidence supports the finding that respondent abandoned his children (see Social Services Law § 384-b [5] [a]). While he did have two contacts with petitioner during this time period, such communications were sporadic, minimal and wholly insufficient to defeat petitioner's claim of abandonment (see Matter of Alec B., 34 AD3d 1110 [2006]; Matter of Devin XX., 20 AD3d 639, 640 [2005]; Matter of Andrea A., 12 AD3d 991, 992 [2004], lv denied 4 NY3d 705 [2005]; Matter of Jovantay U., 298 AD2d 641, 642 [2002]). The remaining dispute between the parties has been reviewed and found to be without merit.

Cardona, P.J., Mercure, Mugglin and Kane, JJ., concur. Ordered that the order is affirmed, without costs.