■ In the Matter of GABRIEL D., Alleged to be an Abandoned Child. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ANDREA D., Appellant. [891 NYS2d 551]—

Lahtinen, J.

Respondent is the mother of a son born in 2006. She was an acknowledged crack cocaine addict and stated that her child was born addicted. He has been in a foster home his entire life. In late May 2008, petitioner commenced this proceeding seeking to terminate respondent's parental rights upon the ground of abandonment. The caseworker, a foster parent and respondent testified at the hearing. Although conflicting proof was presented regarding respondent's efforts to contact either petitioner or the child, Family Court credited the testimony of the caseworker and foster parent in concluding that respondent's efforts were "trivial." The court granted the petition and freed the child for adoption. Respondent appeals.

---

To terminate parental rights, petitioner must establish, by clear and convincing evidence, that the parent abandoned the child for the six-month period preceding the filing of the termination petition (*see* Social Services Law § 384-b [4] [b]; [5] [a]; *Matter of Annette B.*, 4 NY3d 509, 513 [2005]; *Matter of Baby Girl GG.*, 260 AD2d 956, 958 [1999], *lv denied* 93 NY2d 815 [1999]). "A parent is deemed to have abandoned a child if he or she 'evinces an intent to forego his or her parental rights and obligations as manifested by his or her failure to visit the child and communicate with the child or agency, although able to do so and not prevented or discouraged from doing so by the agency' " (*Matter of Anthony I.*, 61 AD3d 1320, 1321 [2009], quoting Social Services Law § 384-b [5] [a]). "[S]poradic or insubstantial contact is insufficient to defeat a finding of abandonment" (*Matter of Chantelle TT.*, 281 AD2d 660, 661 [2001]; *see Matter of Nahja I.*, 279 AD2d 666, 667 [2001]; *Matter of Omar RR.*, 270 AD2d 588, 590 [2000]).

Respondent did not visit the child during the relevant six-month period, which ran from late November 2007 to when the petition was filed in late May 2008. The caseworker testified that respondent made two phone calls to her during that time. The first occurred on December 3, 2007, when respondent called and indicated that she planned to leave the rehabilitation program where she was living. The caseworker related that she encouraged respondent to stay in the program so that visitation could occur at that location and respondent could progress toward possibly reuniting with her child. Two days later, the caseworker received a voice mail message from respondent stating that she had left the rehabilitation program and that she wanted visitation on Christmas Day. However, respondent did not provide a way to be reached and, when the caseworker contacted the rehabilitation program, she was told that respondent had not indicated where she was going when she left. The caseworker testified that she received no other communication from respondent during the six months.

The foster parent recalled receiving one short phone call from respondent in January 2008 in which she generally inquired about the child. During all but the first couple of weeks of the six-month period, respondent resided in the same county as petitioner and the foster parents. Although she did not drive, respondent lived with a boyfriend who could transport her. While she claimed to have made additional efforts to contact petitioner and the foster parents, Family Court did not credit such testimony and we accord deference to that credibility determination (*see Matter of Anthony I.*, 61 AD3d at 1321; *Matter*

*of Peter F.*, 281 AD2d 821, 824 [2001]). The sporadic and insubstantial contacts made by respondent during the relevant time period were insufficient to defeat the petition.

Cardona, P.J., Mercure, Spain and Kane, JJ., concur. Ordered that the order is affirmed, without costs.