■ In the Matter of MAHOGANY Z., a Child Alleged to be Abandoned. ALBANY COUNTY DEPARTMENT FOR CHILDREN, YOUTH AND FAMILIES, Respondent; WAYNE O., Appellant. [897 NYS2d 313]—

Mercure, J.P. Appeal from an order of the Family Court of Albany County (Duggan, J.), entered April 10, 2009, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's child to be abandoned, and terminated respondent's parental rights.

The mother gave birth to the subject child in March 2007 and, with her consent, petitioner placed the child in a foster home shortly thereafter. In December 2007, petitioner commenced this termination of parental rights proceeding against

respondent, the purported father, alleging abandonment.* Respondent subsequently consented to the entry of an order of filiation and, following a trial, Family Court granted the petition and committed the guardianship and custody of the child to petitioner. Respondent now appeals.

Initially, we reject the Law Guardian's contention that this appeal has been rendered moot by virtue of the child's subsequent adoption by her foster parents. A determination of neglect creates "a permanent and significant stigma which is capable of affecting a parent's status in potential future proceedings" and, thus, an appeal therefrom is not moot even though the subject child has been adopted (*Matter of Matthew C.*, 227 AD2d 679, 680-681 [1996]). In this case, respondent was found to have abandoned and not neglected the child, but a different result is not warranted given that a finding of neglect may be premised upon abandonment (*see* Family Ct Act § 1012 [f] [ii]; *Matter of Shaniqua L.*, 193 AD2d 370, 371 [1993]). While this appeal is not moot, our review of the merits discloses no reason to disturb Family Court's determination.

Petitioner was obliged to demonstrate, by clear and convincing evidence, that respondent abandoned the child for a period of six months prior to the filing of the abandonment petition in order to terminate his parental rights (*see* Social Services Law § 384-b [4] [b]; [5] [a]; *Matter of Annette B.*, 4 NY3d 509, 513 [2005]; *Matter of Gabriel D. [Andrea D.]*, 68 AD3d 1505, 1506 [2009], *lv denied* 14 NY3d 703 [2010]). Abandonment occurs where a "parent evinces an intent to forego his or her parental rights and obligations as manifested by his or her failure to visit the child and communicate with the child or agency, although able to do so and not prevented or discouraged from doing so by the agency," and there is a rebuttable presumption that the parent is capable of engaging in such visits or communication (Social Services Law § 384-b [5] [a]; *see Matter of Julius P.*, 63 NY2d 477, 481 [1984]; *Matter of Gabriel D. [Andrea D.]*, 68 AD3d at 1506).

Here, despite being aware of the child's existence and visiting her immediately after her birth, respondent did not interact with either the child or petitioner during the relevant six-month period. Respondent does not claim that he was unable to engage in such communication; instead, he asserts that petitioner made an insufficient effort to involve him in the child's life. Petitioner, however, was not required to show that it made a diligent effort to encourage him to visit or communicate with the child (*see*

---

\* A separate petition, filed against the mother, was granted upon her default.

Social Services Law § 384-b [5] [b]; *Matter of Gabrielle HH.*, 1 NY3d 549, 550 [2003]). In any event, the record reflects that petitioner diligently sought out respondent and made multiple efforts to contact him at his correct address without success (*see Matter of Jacob WW.*, 56 AD3d 995, 997 [2008]; *Matter of Devin XX.*, 20 AD3d 639, 640 [2005]).

Respondent's remaining argument, that Family Court should have held a dispositional hearing, is unpreserved for our review given his failure to seek such a hearing before that court (*see Matter of Robert XX.*, 290 AD2d 753, 755 [2002]; *Matter of Nahja I.*, 279 AD2d 666, 668 [2001]). Regardless, a dispositional hearing is not required where abandonment is established and, given the facts presented, Family Court did not abuse its discretion in failing to conduct one (*see Matter of Chantelle TT.*, 281 AD2d 660, 662 [2001]; *Matter of Alex MM.*, 260 AD2d 675, 676 [1999]).

Spain, Rose, Lahtinen and Stein, JJ., concur. Ordered that the order is affirmed, without costs.