■ In the Matter of MICHAELA PP. and Another, Children Alleged to be Abandoned. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DERWOOD PP., Appellant. [900 NYS2d 166]—

Cardona, P.J. Appeal from an order of the Family Court of Broome County (Charnetsky, J.), entered May 4, 2009, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate Michaela PP. and Nicholas PP. abandoned children, and terminated respondent's parental rights.

Respondent is the father of two children, Michaela (born in 2004) and Nicholas (born in 1995), who have been in petitioner's custody since March 2004. In October 2008, petitioner commenced this proceeding seeking to terminate respondent's parental rights on the ground of abandonment.* Following a hearing, Family Court granted the petition and freed the children for adoption, prompting this appeal.

In order to terminate parental rights on the ground of abandonment, petitioner must establish by clear and convincing evidence that, during the six-month period prior to the filing of the petition, the parent "evinces an intent to forego his or her parental rights and obligations as manifested by his or her failure to visit the child[ren] and communicate with the child[ren] or agency, although able to do so and not prevented or discouraged from doing so by the agency" (Social Services Law § 384-b [5] [a]; see Matter of Gabriel D. [Andrea D.], 68 AD3d 1505, 1506 [2009], lv denied 14 NY3d 703 [2010]). A parent's ability to visit and communicate with his or her children is presumed (see Matter of Chantelle TT., 281 AD2d 660, 661 [2001]), and once a failure to do so is established, the burden is upon the parent to demonstrate that he or she maintained sufficient contacts with the children (see Matter of Alec B., 34 AD3d 1110, 1111 [2006]; Matter of Chantelle TT., 281 AD2d at 661). "[S]poradic or insubstantial contact is insufficient to defeat a finding of abandonment" (Matter of Gabriel D., 68 AD3d at 1506 [internal quotation marks and citations omitted]; see Matter of Malikah MM., 40 AD3d 1173, 1174 [2007]).

Here, respondent did not exercise his weekly scheduled

* The children's mother surrendered her parental rights in October 2008.

supervised visitation and made only two attempts during the relevant six-month period to visit with his children. The first occurred in June 2008 when respondent attempted to accompany the mother on her scheduled visitation at the mall. However, the caseworker informed respondent that he was not allowed to take part in the visit because he was not scheduled to be there and his prior visits with the children in a public location had proved problematic. The second visit occurred in August 2008 when respondent requested to visit his son in the hospital after he broke his hand. The record reflects that respondent made no other attempts during the relevant time period to contact the children nor did he maintain sufficient contact with petitioner regarding the children. Although respondent testified that his limited contact with the children resulted from his problems with the caseworker and her refusal to let him visit the children, Family Court found such testimony not credible and we defer to that determination (*see Matter of Gabriel D.*, 68 AD3d at 1506-1507; *Matter of Peter F.*, 281 AD2d 821, 824 [2001]). Furthermore, we agree with the court's conclusion that such sporadic and infrequent efforts do not evince respondent's intent to continue a relationship with his children but, rather, support the finding of abandonment.

Respondent's remaining contentions have been reviewed and found to be without merit.

Mercure, Spain, Kavanagh and Garry, JJ., concur. Ordered that the order is affirmed, without costs.