■ In the Matter of STEPHEN UU., a Child Alleged to be Abandoned. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; STEPHEN VV., Appellant. (Proceeding No. 1.) In the Matter of MICHELLE UU., a Child Alleged to be Abandoned. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; STEPHEN VV., Appellant. (Proceeding No. 2.) [916 NYS2d 673]—

Kavanagh, J. Appeals from two orders of the Family Court of Broome County (Connerton, J.), entered May 25, 2010, which granted petitioner's applications, in two proceedings pursuant to Social Services Law § 384-b, to adjudicate respondent's children to be abandoned.

Respondent is the father of two children, a son and a daughter (born in 2002 and 2006, respectively), both of whom, at an early age, were removed from their mother's custody and have been cared for by their foster parents since being placed with petitioner.[1] Claiming that respondent, between December 2008 and June 2009, did not visit or communicate with the children, petitioner commenced proceedings seeking the termination of his parental rights and an order freeing the children for adoption on the ground that he had abandoned them (*see* Social Services Law § 384-b).[2] After fact-finding hearings were conducted as to each child, Family Court found that respondent had, in fact, abandoned them. Respondent now appeals.[3]

Initially, respondent argues that Family Court should have granted his application seeking the appointment of a guardian ad litem to protect his interests at each hearing because he suf-

1. The biological mother of both children is not a party to these proceedings and has surrendered her parental rights to the daughter.

2. In September 2008, Family Court (Pines, J.) had issued an order finding that respondent had neglected the son.

3. It is unclear as to whether the orders that are the subject of this appeal are final. Therefore, to the extent that the orders are not final and, as such, not appealable as of right, we will treat the notices of appeal as applications for leave to appeal from the nonfinal orders, and grant such applications (*see* Family Ct Act § 1112 [a]; *Matter of Jared WW.*, 56 AD3d 1009, 1010 n [2008]).

fers from a mental disability as well as certain unspecified physical limitations that, according to respondent, prevented him from providing meaningful assistance to his counsel during these proceedings. In response to this claim, Family Court ordered that respondent be evaluated by two court-appointed psychiatrists and it conducted a hearing on this issue after it reviewed their reports. At the hearing, one of the psychiatrists testified that respondent's mental condition was variable, but that he possessed a fair memory despite his low level of intelligence.[4] Moreover, respondent, who was represented by counsel throughout these proceedings, gave testimony at the hearing that demonstrated that he had a general understanding of the purpose of the proceedings and set forth his reasons for not maintaining contact with his children during the relevant time period. Based on our review of the record and, in particular, respondent's failure to identify with any particularity what interest, if any, would have been protected by the appointment of a guardian ad litem, we find that Family Court's decision denying his application was not an abuse of its discretion and that the evidence produced at the hearing "did not establish that [respondent] was incapable of understanding the proceedings, defending [his] rights, or assisting [his] counsel" (*Matter of Shawndalaya II.*, 31 AD3d 823, 825 [2006], *lv denied* 7 NY3d 714 [2006]; *see Matter of Leala T.*, 55 AD3d 1007, 1008 [2008]; *Matter of Barbara Anne B.*, 51 AD3d 1018, 1019 [2008]).

As for respondent's claim that he did not abandon his children, petitioner was required to establish by clear and convincing evidence that respondent failed to contact, visit or communicate with the children or petitioner's representatives during the six-month period prior to the petition being filed (*see* Social Services Law § 384-b [4] [b]; [5] [a]; *Matter of Gabriella I. [Jessica J.]*, 79 AD3d 1317, 1318 [2010]; *Matter of Kaitlyn E. [Lyndsay E.]*, 75 AD3d 695, 696 [2010]). Respondent is presumed to have the ability to maintain contact (*see* Social Services Law § 384-b [5] [a]; *Matter of Alexa L. [Nilza L.]*, 79 AD3d 1290, 1291 [2010]), unless he can show that petitioner discouraged or prevented him from contacting the children during the statutory time period (*see Matter of Jackie B. [Dennis B.]*, 75 AD3d 692, 693 [2010]; *Matter of Leala T.*, 55 AD3d at 1007-1008).

Here, petitioner submitted evidence that respondent had no significant contact with it or the children during the six-month period immediately preceding the filing of these petitions. In re-

---

4. When the initial evaluation of respondent was performed, each psychiatrist assumed that he was being examined in connection with a criminal proceeding.

sponse, respondent claims that during part of this period, he was incarcerated and an order was in place that barred him from seeing or communicating with his son. However, the fact that he was incarcerated or that such a protective order was in place did not relieve respondent of his obligation to maintain contact with petitioner or its designated representatives regarding the care being provided his children during this period (*see Matter of Mia II. [Theresa JJ.—Michael II.]*, 75 AD3d 722, 724 [2010], *lv denied* 15 NY3d 710 [2010]). Moreover, respondent not only failed to contact petitioner, he never communicated with his son's foster parents regarding his son's well-being, nor did he provide any child support. As for his daughter, respondent visited her once during the relevant time period, even though he was entitled to biweekly supervised visits with her (*see Matter of Michaela PP. [Derwood PP.]*, 72 AD3d 1430, 1430-1431 [2010], *lv denied* 15 NY3d 705 [2010]). He never contacted her foster parents to inquire about her care or well-being, and only communicated with petitioner to cancel scheduled supervised visits.

Respondent acknowledges his lack of contact with the children in the six months prior to these petitions being filed, but claims that medical problems made it impossible for him to meet with the children or their caregivers during this period. However, respondent failed to provide any specific details at the hearing as to the nature of these medical maladies or his hospitalizations and did not present any competent evidence to support his claim that his physical conditions and medical limitations were such as to have "permeated his life as to make contact with his child[ren] or petitioner during the relevant time period infeasible" (*Matter of Leala T.*, 55 AD3d at 1008 [internal quotation marks and citation omitted]). As a result, ample evidence supports Family Court's conclusion that respondent abandoned his son and daughter.

Rose, J.P., McCarthy and Egan Jr., JJ., concur. Ordered that the orders are affirmed, without costs.