■ In the Matter of RYAN I., a Child Alleged to be Abandoned. SCHENECTADY COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LAURIE U., Appellant. [919 NYS2d 250]—

Garry, J.

Respondent's son has resided with relatives since petitioner removed him from her care shortly after his birth in 2006. Respondent admitted to neglect in March 2007. In November 2009, petitioner commenced this proceeding alleging that respondent abandoned the child by failing to visit or communicate with him during the preceding six months (*see* Social Services Law § 384-b [4] [b]; [5] [a]). After a hearing, Family Court found that she had evinced the requisite intent to forgo her rights and respon-

sibilities as a parent, terminated her parental rights, and dismissed a visitation petition that she had filed shortly before the abandonment proceeding was commenced. The written order was erroneously submitted to and approved by another judge (Powers, J.), and subsequently resubmitted and executed by the judge who had presided at the hearing (Assini, J.). Respondent appeals from both orders.

Initially, the appeal from the improper first order (*see* Family Ct Act § 217) must be dismissed, as it was superseded by the second, properly signed order (*see generally Matter of Chamila J.*, 51 AD3d 925 [2008]). As to the second order, Family Court's determination of abandonment will be upheld if clear and convincing evidence in the record shows "that the parent failed to visit or communicate with the child or the petitioning agency during the six-month period immediately prior to the date of the filing of the petition, although able to do so and not prevented or discouraged from doing so by the petitioner" (*Matter of Alec B.*, 34 AD3d 1110, 1110 [2006]; *see* Social Services Law § 384-b [5] [a]). Sporadic and insubstantial contacts are insufficient for this purpose (*see Matter of Gabriel D. [Andrea D.]*, 68 AD3d 1505, 1507 [2009], *lv denied* 14 NY3d 703 [2010]; *Matter of Chantelle TT.*, 281 AD2d 660, 661 [2001]).

As respondent acknowledges, she did not visit the child at all during the six months before the petition was filed, and she spoke with him by telephone only once. She left two or three telephone messages with the relatives who cared for the child, but these were described as incoherent and fragmented, and they did not include requests for visits or information about the child. Respondent sent the child no gifts, cards, letters or other communications during the pertinent time period. She did not attend a Family Court permanency hearing in May 2009; after she failed to attend a second hearing in August 2009, Family Court suspended her visitation. In late August 2009, respondent left a telephone message with petitioner's caseworker requesting a visit with the child, but she did not follow up when the caseworker responded, nor did she appear at a meeting that the caseworker scheduled at her request. Respondent next attempted to communicate with the caseworker in October 2009 when, after entering a residential substance abuse treatment program, she left a telephone message requesting a visit with the child. The caseworker then advised respondent's counselor that her visitation had been suspended. In late October, respondent telephoned the caseworker directly; at this time, the caseworker suggested that she petition for visitation, which respondent did in early November 2009.

As this evidence established a prima facie showing of failure to visit or communicate, the burden shifted to respondent to demonstrate that she was unable to maintain contact or was prevented or discouraged from doing so by petitioner (*see Matter of Michaela PP. [Derwood PP.]*, 72 AD3d 1430, 1430 [2010], *lv denied* 15 NY3d 705 [2010]; *Matter of Alec B.*, 34 AD3d at 1111). Respondent failed to meet this burden. In her testimony, she acknowledged that Family Court's August 2009 suspension of her visitation did not cause her lack of contact with the child, as she did not learn that it had happened until October, and she had not visited the child before the suspension occurred. The suspension did not relieve her from the obligation to maintain contact with petitioner throughout the pertinent period, and her failure to do so evinced her intent to forgo her parental rights (*see Matter of Tiffany RR.*, 44 AD3d 1126, 1128 [2007], *lv denied* 9 NY3d 819 [2008]). Respondent's alleged homelessness and substance abuse issues did not render her incapable of maintaining contact with petitioner (*see Matter of Alec B.*, 34 AD3d at 1111); although she knew where petitioner's offices were located and visited them for other reasons, she never visited the caseworker during the pertinent time period. Accordingly, Family Court's order will not be disturbed.

Spain, J.P., Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the appeal from the order entered February 18, 2010 is dismissed, without costs. Ordered that the order entered March 2, 2010 is affirmed, without costs.