■ In the Matter of LEON CC., a Child Alleged to be Abandoned. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LARRY CC., Appellant. (And Another Related Proceeding.) [927 NYS2d 446]—

Kavanagh, J.

Respondent challenges Family Court's determination that he abandoned his child (born in 2009), who had been placed in petitioner's custody within days of his birth after it was determined that the boy was born addicted to drugs. Respondent and the child's mother subsequently made certain admissions to allegations set forth in a neglect petition filed by petitioner and, as a result, an order was issued deeming the child to have been neglected and directing that he remain in foster care (*see* Social Services Law § 384-b [4] [b]; [5] [a]). Thereafter, in February 2010, petitioner commenced separate proceedings against respondent and the child's mother seeking a finding that they abandoned the child because, for the six months immediately preceding the filing of the petition, they failed to communicate or visit with the child or have any relevant contact with the child's caseworker. After a hearing, Family Court determined that the child was abandoned, prompting this appeal by respondent.

"Family Court's determination of abandonment will be upheld if clear and convincing evidence in the record shows 'that the parent failed to visit or communicate with the child or the petitioning agency during the six-month period immediately prior to the date of the filing of the petition, although able to do so and not prevented or discouraged from doing so by the petitioner' " (*Matter of Ryan I. [Laurie U.]*, 82 AD3d 1524, 1525 [2011], quoting *Matter of Alec B.*, 34 AD3d 1110, 1110 [2006]; *see* Social Services Law § 384-b [5] [a]; *Matter of Le'Airra CC. [Christopher DD.]*, 79 AD3d 1203, 1203 [2010], *lv denied* 16 NY3d 706 [2011]). Here, the child's caseworker[1] testified that, during this six-month period, respondent had no contact with the child and did not respond to petitioner's attempts to arrange for visitation. In fact, according to the caseworker, the one occasion that he believed respondent did attempt to contact him during this period was when a message was left by respondent demanding that the child be brought to respondent's place of work because he "didn't like the Department of Social Services." Such "[s]poradic [and] insubstantial contact is insufficient to defeat" petitioner's showing of abandonment (*Matter of Michaela PP. [Derwood PP.]*, 72 AD3d 1430, 1430 [2010], *lv*

---

1. The child had the same caseworker during this six-month period.

*denied* 15 NY3d 705 [2010] [internal quotation marks and citations omitted]). We note that, although respondent claims to have made numerous telephone calls to the caseworker during the period in an attempt to establish a relationship with his son, the caseworker denied receiving any messages from respondent, and it is for Family Court to resolve such credibility disputes, and its decision in that regard is entitled to deference (*see Matter of Dior H. [Rondu H.]*, 77 AD3d 1066, 1067 [2010]).[2] Moreover, respondent has not rebutted the presumption that, throughout this period, he had the ability to contact petitioner and visit with the child (*see* Social Services Law § 384-b [5] [a]; *Matter of Stephen UU. [Stephen VV.]*, 81 AD3d 1127, 1128-1129 [2011], *lv denied* 17 NY3d 702 [2011]), nor has he presented credible evidence establishing that he was discouraged or prevented from doing so (*see Matter of Gabriella I. [Jessica J.]*, 79 AD3d 1317, 1318 [2010], *lv denied* 16 NY3d 704 [2011]).

Spain, J.P., Stein, Garry and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.

---

**2.** The caseworker acknowledged having numerous telephone conversations with respondent, but only after the abandonment petition was filed.