■ In the Matter of LILY LL., a Child Alleged to be Abandoned. SCHENECTADY COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; ERIC MM., Respondent. [931 NYS2d 194]—

Kavanagh, J.

Respondent was incarcerated when his daughter was born in 2008.[1] Shortly after the child's birth, she was removed from her mother's care by petitioner and later placed with respondent's father (hereinafter the grandfather). One month after respondent was released from prison, he informed the grandfather that he would "assign [his] rights to [the child] to [the grandfather]," and had no other significant contact with her. In April 2010, a permanency hearing was held and respondent's visitation was changed in that any visits that respondent sought to have with the child would have to occur at petitioner's office. Petitioner later commenced this abandonment proceeding because respondent did not visit with the child and had no meaningful contact with her during the six-month period immediately preceding the filing of the petition (see Social Services Law § 384-b [4] [b]; [5] [a]). After a hearing, Family Court dismissed the petition because respondent had not been represented by counsel during this six-month period. Petitioner now appeals.

To establish that a child has been abandoned, petitioner was required to show that, for the six-month period immediately prior to the filing of the petition (see Social Services Law § 384-b [4] [b]), respondent failed "to visit the child and communicate with the child or agency" and was not prevented or discouraged from doing so (Social Services Law § 384-b [5] [a]; see Matter of Le'Airra CC. [Christopher DD.], 79 AD3d 1203, 1204 [2010], lv denied 16 NY3d 706 [2011]). Insuring that respondent had the benefit of counsel at any time during this period is not part of petitioner's statutory obligations (see Social Services Law § 384-b [3] [e]; [4] [b]; [5] [a]). What is required is that it be established that respondent, during the relevant period, demonstrated an intent to forgo his parental obligations and, in effect, abandoned his child (see Social Services Law § 384-b [4] [b]; [5] [a]; Matter of Ryan I. [Laurie U.], 82 AD3d 1524, 1525 [2011]; Matter of Stephen UU. [Stephen VV.], 81 AD3d 1127, 1128 [2011], lv denied 17 NY3d 702 [2011]; Matter of Gabriella I. [Jessica J.], 79 AD3d 1317, 1318 [2010], lv denied 16 NY3d 704 [2011]).[2] Parenthetically, we note that respondent was assigned counsel

---

1. Respondent also has three other children, who are not the subjects of this proceeding.

2. Family Court apparently concluded that respondent was entitled to legal representation at the permanency hearing when his visitation rights

when he first appeared in connection with this petition and had legal representation throughout every stage of this proceeding.

Moreover, it has been established by clear and convincing evidence that respondent made little or no effort to provide for this child or establish a relationship with her during the relevant period (*see Matter of Ryan I. [Laurie U.]*, 82 AD3d at 1525; *Matter of Stephen UU. [Stephen VV.]*, 81 AD3d at 1128). Respondent has only been able to document one visit with his daughter in the six months prior to the filing of this petition, and that occurred because the grandfather brought the child to respondent's home while delivering furniture. While respondent claims to have seen the child on three other occasions during this period, this contact as described was, at best, incidental and clearly not part of any effort by respondent to establish a relationship with her (*see Matter of Leon CC. [Larry CC.]*, 86 AD3d 764, 765 [2011]; *Matter of Michaela PP. [Derwood PP.]*, 72 AD3d 1430, 1430 [2010], *lv denied* 15 NY3d 705 [2010]). In fact, from April 26, 2010 until the petition was filed on September 9, 2010, respondent, though able, had no meaningful contact with the child, did not provide her with support and failed to communicate with the grandfather or his caseworker regarding the child's welfare even though encouraged to do so (*see* Social Services Law § 384-b [5] [a]; *Matter of Le'Airra CC. [Christopher DD.]*, 79 AD3d at 1204). Therefore, we find that petitioner established by clear and convincing evidence that respondent had abandoned his child and the petition should be granted.

Mercure, J.P., Malone Jr., McCarthy and Egan Jr., JJ., concur. Ordered that the order is reversed, on the law, without costs, petition granted, and matter remitted to the Family Court of Schenectady County for further proceedings.

were modified. However, the fact that he did not have legal representation at that prior proceeding—an issue not before us—would not relieve respondent of his obligation to maintain contact with his daughter or her caregivers during the relevant time period prior to the filing of the petition.