Garry, J.
Appeal from an order of the Family Court of Broome County (Pines, J.), entered October 3, 2011, which granted *1615 petitioner’s application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate the subject children to be abandoned, and terminated respondent’s parental rights.
Respondent is the father of four children (born in 2002, 2004, 2006 and 2008). The three older children were removed from their parents’ custody and placed in a foster home in August 2007, and the youngest child was removed in March 2009. Petitioner alleged in this proceeding that respondent abandoned the children for the six-month period from September 30, 2010 through March 30, 2011. Following a fact-finding hearing, Family Court adjudicated the children to be abandoned and terminated respondent’s parental rights. Respondent appeals, and we affirm.
To establish that respondent abandoned his children, petitioner was required to show by clear and convincing evidence that during the six months immediately before filing the petition, he “ evince [d] an intent to forego his . . . parental rights and obligations as manifested by his . . . failure to visit the child and communicate with the child or agency, although able to do so and not prevented or discouraged from doing so by the agency” (Social Services Law § 384-b [5] [a]; see Matter of Ryan Q.], [Eric Q.], 90 AD3d 1263, 1263-1264 [2011], lv denied 18 NY3d 809 [2012]; Matter of Lily LL. [Eric MM.], 88 AD3d 1121, 1122 [2011]). Respondent’s ability to maintain contact with his children is presumed. If petitioner shows that he failed to do so, the burden shifts, and respondent must establish that he was unable to maintain contact or that petitioner prevented or discouraged him from doing so (see Social Services Law § 384-b [5] [a]; Matter of Lamar LL. [Loreal MM.], 86 AD3d 680, 680-681 [2011], lv denied 17 NY3d 712 [2011]; Matter of Jacob WW., 56 AD3d 995, 997 [2008]).
By the testimony of caseworkers and the children’s foster father, petitioner established that respondent visited the children only twice during the relevant period, although he was scheduled to do so every two weeks. He spoke with two of the children by telephone once, in a call initiated by the foster father. On one occasion, respondent left a voice mail message asking a caseworker to contact him to discuss the children; the caseworker returned the call and left a message, but respondent did not call back. Respondent also made at least two calls to the caseworkers to discuss transportation problems, and he spoke with them when he attended court proceedings. He sent no letters or cards to the children and did not attend meetings to discuss their status. Respondent’s sporadic and infrequent, insubstantial contacts were insufficient to defeat the claim of *1616 abandonment (see Matter of Ryan Q. [Eric Q.], 90 AD3d at 1264; Matter of Michaela PP. [Derwood PP.], 72 AD3d 1430, 1430-1431 [2010], lv denied 15 NY3d 705 [2010]; Matter of Chantelle TT., 281 AD2d 660, 661 [2001]).
Respondent did not demonstrate that he was unable to maintain contact with the children nor discouraged from doing so. Although he claimed that transportation difficulties prevented him from visiting the children after he moved from the city to a rural location, he conceded that he was still able to arrange transportation for other purposes. Thus, he did not demonstrate that this problem so “permeated his life as to make contact with his child [ren] or petitioner during the relevant time period infeasible” (Matter of Leala T., 55 AD3d 1007, 1008 [2008] [internal quotation marks and citation omitted]; accord Matter of Stephen UU. [Stephen VV.], 81 AD3d 1127, 1129 [2011], lv denied 17 NY3d 702 [2011]). Respondent further claimed that he intentionally forfeited visits with the children to further his goal of having them returned to their mother, as she received more time with the children when respondent did not visit them. However, the benefit that the mother derived from respondent’s unused visits was relatively modest, as she had substantial additional scheduled visitation. In any event, neither respondent’s alleged plan to enhance the mother’s visitation nor his transportation difficulties explained his failure to communicate with the children by either mail or telephone (compare Matter of Jamaica M. [Hakeem N.], 90 AD3d 1105, 1106 [2011], lv denied 18 NY3d 806 [2012]; Matter of Ryan I. [Laurie U.], 82 AD3d 1524, 1525-1526 [2011]; Matter of Omar RR., 270 AD2d 588, 589-590 [2000]). Accordingly, Family Court’s finding of abandonment will not be disturbed.
Mercure, J.E, Rose, Stein and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.