Stein, J.
Appeal from an order of the Family Court of Cortland County (Campbell, J.), entered September 7, 2012, which granted petitioner’s application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate Jazmyne 00. to be an abandoned child, and terminated respondent’s parental rights.
In June 2010, Jazmyne OO. (born in 2009) was removed from her mother’s custody and placed in foster care, where she has since resided. Thereafter, the mother consented to a finding that she neglected the child.[1] Petitioner then filed a petition to establish that respondent was the child’s father and an order of filiation was entered in January 2011. In January 2012, petitioner commenced this proceeding alleging that respondent had abandoned the child. After a fact-finding hearing, at which respondent failed to appear,[2] Family Court adjudicated the child to be abandoned, terminated respondent’s parental rights and freed the child for adoption. This appeal by respondent ensued.
We affirm. Respondent’s sole challenge on appeal is to Family Court’s determination that he abandoned the child. In that regard, petitioner was required to show by clear and convincing evidence that, for the six months immediately predating the petition, respondent “evince[d] an intent to forego his . . . parental rights and obligations as manifested by his . . . failure to visit the child and communicate with the child or agency, although able to do so and not prevented or discouraged from doing so by the agency” (Social Services Law § 384-b [5] [a]; see Social Services Law § 384-b [4] [b]; Matter of Arianna I. [Roger I.], 100 AD3d 1281, 1284 [2012]; Matter of Jamal B. [Johnny B.], 95 AD3d 1614, 1615 [2012], lv denied 19 NY3d 812 [2012]). Respondent’s ability to maintain contact with the child or the agency is presumed and, if petitioner shows that he failed in this regard, the burden shifts to respondent to establish that he was unable to maintain contact or that petitioner prevented or discouraged him from doing so (see Matter of Maria E. [Jermaine D.], 94 AD3d 1357, 1358 [2012]; Matter of Ryan Q. [Eric Q.], 90 AD3d 1263, 1264 [2011], lv denied 18 NY3d 809 [2012]).
Here, inasmuch as the petition was filed on January 6, 2012, the relevant six-month period commenced on July 6, 2011. The record establishes that, during this time, respondent did not contact or otherwise communicate with petitioner, despite the agency’s repeated attempts to contact respondent and its *1087 requests that he inform them of his plan for the child.[3] Further, respondent’s one and only visit with the child occurred in June 2011 — prior to the commencement of the six-month period— and was stressful and upsetting for the child because respondent was a stranger to her. A subsequent visit was arranged by petitioner, at respondent’s request, but did not occur because respondent failed to appear. Likewise, a custody petition filed by respondent prior to the commencement of the six-month period was dismissed due to respondent’s failure to appear in Family Court and pursue such application.
While respondent claims that he maintained contact with the child by sending her gifts and cards in November and December 2011, Family Court questioned whether they were sent by respondent or by respondent’s mother (see Matter of Jacob WW, 56 AD3d 995, 997 [2008]), an issue that could not squarely be resolved due to respondent’s failure to appear at the abandonment hearing. In any event, we agree with Family Court’s determination that, even if respondent was responsible for sending these gifts and cards, such sporadic and limited contact was insufficient to defeat petitioner’s showing of abandonment (see Matter of Ryan Q. [Eric Q.], 90 AD3d at 1264; Matter of Ryan I. [Laurie U.], 82 AD3d 1524, 1525 [2011]; Matter of Michaela PP. [Derwood PP.], 72 AD3d 1430, 1430-1431 [2010], lv denied 15 NY3d 705 [2010]).
Moreover, the record is devoid of any evidence to support respondent’s contention that petitioner prevented or discouraged him from maintaining contact with the child or the agency. To the contrary, petitioner arranged for respondent to visit with the child and made multiple attempts to communicate with respondent. Additionally, we are unpersuaded by respondent’s claim that petitioner prevented him from contacting the child by leading him to believe that petitioner would initiate procedures under the Interstate Compact on the Placement of Children (hereinafter ICPC). It was made clear to respondent at an earlier proceeding that, because he resided in a different state, it was necessary for him to request an investigation through the ICPC in his home state. There is no evidence that he did so and, inasmuch as respondent did not appear and testify at the fact-finding hearing on the abandonment petition, he offered no proof that he detrimentally relied upon any assertions made by petitioner with regard to the ICPC process. As a result, we find ample support for Family Court’s determination that respondent was able to communicate with the child and *1088 petitioner and he was not prevented or discouraged from doing so by petitioner (see Matter of Ryan Q. [Eric Q.], 90 AD3d at 1265; Matter of Leon CC. [Larry CC.], 86 AD3d 764, 766 [2011], lv denied 11 NY3d 714 [2011]; Matter of Ryan I. [Laurie U.], 82 AD3d at 1526), and we otherwise discern no basis to disturb the finding of abandonment.
Peters, EJ., McCarthy and Spain, JJ., concur. Ordered that the order is affirmed, without costs.

. The mother ultimately surrendered her parental rights to the child.

. However, respondent’s attorney appeared, presented evidence, cross-examined witnesses and made arguments on respondent’s behalf.

. Respondent began communicating with petitioner after the petition was filed.