Garry, J.
Appeal from an order of the Family Court of Cortland County (Campbell, J.), entered October 12, 2012, which granted petitioner’s application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate Carter A. to be an abandoned child, and terminated respondent’s parental rights.
Respondent is the father of a child (born in 2011). In October 2011, the child was removed from the custody of respondent and the child’s mother, and neglect proceedings were filed *1182 against both parents. The child lived with relatives until January 2012, when he was placed in petitioner’s custody, and he has since resided in foster care. In April 2012, upon respondent’s default, Family Court issued an order finding that he had neglected the child. In June 2012, petitioner commenced this abandonment proceeding against him. Following a dispositional hearing in the neglect proceeding, Family Court directed that the child remain in petitioner’s custody and ordered petitioner to provide respondent — who had been incarcerated in May 2012 — with supervised visitation upon his written request. In September 2012, Family Court conducted a combined fact-finding and dispositional hearing in the abandonment proceeding, determined that respondent had abandoned the child, and terminated his parental rights. Respondent appeals.
We agree with Family Court that petitioner demonstrated by clear and convincing evidence that, during the six-month period immediately before the abandonment petition was filed, respondent “evince[d] an intent to forego his . . . parental rights and obligations as manifested by his . . . failure to visit the child and communicate with the child or [petitioner], although able to do so and not prevented or discouraged from doing so by [petitioner]” (Social Services Law § 384-b [5] [a]; see Matter of Maria E. [Jermaine D.], 94 AD3d 1357, 1357-1358 [2012]). Respondent’s ability to maintain contact with the child was presumed, even after he was incarcerated (see Matter of Ryan Q. [Eric Q.], 90 AD3d 1263, 1264 [2011], lv denied 18 NY3d 809 [2012]; Matter of Jamaica M. [Hakeem N.], 90 AD3d 1105, 1106 [2011], lv denied 18 NY3d 806 [2012]). Petitioner’s witnesses testified that, when the six-month period began, respondent was scheduled to visit the child once each week, but that he did so only twice in December 2011, and never thereafter. During January 2012, he failed to respond to several messages from petitioner’s caseworkers about the missed visits. A caseworker visited his home and was then advised that respondent had been arrested; he did not respond to her subsequent communications. Later in January 2012, the caseworker visited his home again and, this time, met respondent, who stated that he planned to attend a scheduled visit later that day. He did not appear for the visit, nor answer the caseworker’s subsequent letters and messages. In April 2012, at an unrelated court appearance, respondent told petitioner’s supervising caseworker that he had not visited the child because he believed that his parental rights had already been terminated. The supervisor explained that this was not the case and offered to schedule a *1183 visit that would accommodate respondent’s work schedule. Respondent did not follow up, and did not answer the supervisor’s subsequent messages. He did not send any letters, gifts or cards to the child at any time. Petitioner’s workers testified that, except when respondent was incarcerated, they were often unable to find him, as he did not keep them informed of several changes in his address during the pertinent time period.
Respondent’s two visits with the child in December 2011 do not preclude a finding of abandonment. They amount to nothing more than “sporadic and infrequent, insubstantial contacts,” and both were initiated by petitioner (Matter of Jamal B. [Johnny B.], 95 AD3d 1614, 1615-1616 [2012], lv denied 19 NY3d 812 [2012]; see Matter of Jacob WW., 56 AD3d 995, 997 [2008]). Petitioner’s caseworkers testified that he never contacted them; Family Court refused to credit respondent’s testimony that he attempted to do so, and we defer to this assessment (see Matter of Leon CC. [Larry CC.], 86 AD3d 764, 766 [2011], lv denied 17 NY3d 714 [2011]). The burden thus shifted to respondent to demonstrate that he was unable to maintain contact with the child or was prevented or discouraged from doing so (see Matter of Jackie B. [Dennis B.], 75 AD3d 692, 693 [2010]), and he failed to satisfy this burden. The record does not support respondent’s testimony that orders of protection discouraged him from visiting the child, but instead demonstrates that petitioner repeatedly sought to encourage him to do so. The requirement to request visitation in writing was a “reasonable precondition” given respondent’s ongoing failure to visit or contact the child (Matter of Alec B., 34 AD3d 1110, 1111 [2006]) and, in any event, was not instituted until after the six-month period expired. Accordingly, Family Court properly found that respondent had abandoned the child.
To the extent that it is argued that Family Court should have ordered a suspended judgment instead of terminating respondent’s parental rights,* a suspended judgment is not an authorized disposition after a finding of abandonment (see Social Services Law § 384-b [3] [g]; compare Family Ct Act § 631 [permitting a suspended judgment after a finding of permanent neglect]).
*1184 We find unpreserved respondent’s contentions that the petition was defective in failing to specify the precise date on which the six-month statutory period began and premature in that less than six months had elapsed between respondent’s last visit in December 2011 and the commencement of the proceeding in June 2012, as these issues are being raised for the first time on appeal (see Matter of Jennie EE., 187 AD2d 877, 877-878 [1992], lv denied 81 NY2d 706 [1993]). We further reject his related claim that he was deprived of meaningful representation by his counsel’s failure to seek dismissal of the petition on these grounds. “Counsel cannot be deemed ineffective for failing to make a motion . . . that is unlikely to be successful” (Matter of Jamaal NN., 61 AD3d 1056, 1058 [2009], lv denied 12 NY3d 711 [2009] [citation omitted]). The allegations in the petition met the statutory requirements (see Social Services Law § 384-b [4] [b]), and respondent’s visits in December 2011 neither precluded a finding of abandonment — as previously noted — nor required recalculation of the statutory time period. As a motion for dismissal would likely have failed, respondent did not show that his counsel was ineffective (see Matter of Richard W., 226 AD2d 941, 942 [1996], lv denied 88 NY2d 808 [1996]).
Rose, J.E, Stein and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.

 The attorney for the child suggested that a suspended judgment might be appropriate; respondent’s counsel made no direct request for such relief, stating only that respondent needed “more time” to demonstrate his commitment to the child.