Egan Jr., J.
Appeal from an order of the Family Court of Broome County (Charnetsky, J.), entered December 4, 2012, which granted petitioner’s application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate Dustin JJ. to be an abandoned child, and terminated respondent’s parental rights.
The child who is the subject of this proceeding, Dustin JJ., was placed in petitioner’s custody shortly after his birth in 2010. In July 2011, respondent was declared to be Dustin’s father and, in August 2011, Dustin’s mother executed a judicial surrender of her parental rights. Thereafter, in February 2012, petitioner commenced this proceeding alleging that respondent had abandoned the child. Following a fact-finding hearing, Family Court adjudicated Dustin to be an abandoned child and terminated respondent’s parental rights. Respondent now appeals.
We affirm. “A finding of abandonment is warranted when it is established by clear and convincing evidence that the parent failed to visit or communicate with the child or the petitioning agency during the six-month period immediately prior to the filing of the petition” (Matter of Lamar LL. [Loreal MM.], 86 AD3d 680, 680 [2011], lv denied 17 NY3d 712 [2011] [citations omitted]; see Matter of Ryan Q. [Eric Q.], 90 AD3d 1263, 1263-1264 [2011], lv denied 18 NY3d 809 [2012]; Matter of Gabriel D. [Andrea D.], 68 AD3d 1505, 1506 [2009], lv denied 14 NY3d 703 [2010]). In this regard, “[a] parent’s ability to maintain contact with his or her child is presumed — including a parent who is incarcerated” (Matter of Ryan Q. [Eric Q.], 90 AD3d at 1264; accord Matter of Maria E. [Jermaine D.], 94 AD3d 1357, 1358 [2012]) — and once the parent’s failure to maintain contact is established, the burden shifts to the parent “to prove an inability to maintain contact or that he or she was prevented or discouraged from doing so by the petitioning agency” (Matter of Erving BB. [Lynette EE.], 111 AD3d 1102, 1103 [2013] [internal quotation marks and citation omitted]; see Matter of Jazmyne OO. [Maurice OO.], 111 AD3d 1085, 1086 [2013]; Matter of Jamal B. [Johnny B.], 95 AD3d 1614, 1615 [2012], lv denied 19 NY3d 812 [2012]). Notably, in the context of an abandonment *1051 proceeding, the petitioning agency “is not required to prove that it exercised diligent efforts to reunite the family or assist the parent in maintaining contact” (Matter of Erving BB. [Lynette EE.], 111 AD3d at 1103-1104; see Matter of Maria E. [Jermaine D.], 94 AD3d at 1358; Matter of Lamar LL. [Loreal MM.], 86 AD3d at 681).
As Family Court correctly concluded, the relevant six-month period ran from August 26, 2011 to February 26, 2012. Although respondent, who was incarcerated from October 30, 2011 to December 23, 2011, testified that he visited with Dustin on a total of four occasions after he was declared to be the child’s father, the record reflects that at least two of these visits occurred outside of the statutory period. Indeed, according to petitioner’s caseworker, the foster mother and the social worker who supervised the visitations, respondent visited the child only once during the six months at issue.
As to other forms of contact, the foster mother testified that although she received one or two phone calls from respondent inquiring about the child, the child did not receive any cards, letters, gifts or emails from respondent during the relevant period. According to petitioner’s caseworker, respondent called her on three occasions between October 2011 and February 2012; during two of those phone calls, respondent expressed the desire for a bus pass. Such sporadic and insubstantial contacts are, in our view, insufficient to defeat petitioner’s showing of abandonment (see Matter of Jamal B. [Johnny B.], 95 AD3d at 1615-1616; Matter of Ryan Q. [Eric Q.], 90 AD3d at 1264; Matter of Leon CC. [Larry CC.], 86 AD3d 764, 765 [2011], lv denied 17 NY3d 714 [2011]). To the extent that respondent testified that he contacted the child’s foster parents “quite a few times to see how Dustin [was],” Family Court expressly found respondent not to be credible, and its determination on this point is entitled to deference (see Matter of Leon CC. [Larry CC.], 86 AD3d at 766). Finally, respondent failed to demonstrate that either his incarceration or his allegedly limited access to a telephone “so permeated his life as to make contact with his child [ ] or petitioner during the relevant time period infeasible” (Matter of Jamal B. [Johnny B.], 95 AD3d at 1616 [internal quotation marks and citation omitted]), and his present assertion — that petitioner prevented or discouraged contact with his child — is belied by the record. Accordingly, we discern no basis upon which to disturb Family Court’s finding of abandonment.
Respondent’s remaining contentions do not warrant extended discussion. To the extent that respondent argues that Family Court improperly curtailed his cross-examination of petitioner’s *1052 caseworker, we note that the “scope and manner [of cross-examination] are [matters] left to the sound discretion of the trial court” (Salm v Moses, 13 NY3d 816, 817 [2009]; see Matter of Shane MM. v Family & Children Servs., 280 AD2d 699, 701 [2001]) and, based upon our review of the testimony, we perceive no abuse of that discretion here. As for Family Court’s decision to forgo a dispositional hearing, “a dispositional hearing is not required where abandonment is established” (Matter of Mahogany Z. [Wayne O.], 72 AD3d 1171, 1173 [2010], lv denied 14 NY3d 714 [2010]; see Matter of Chantelle TT., 281 AD2d 660, 662 [2001]) and, in any event, we cannot say that Family Court abused its discretion in dispensing with such a hearing in this matter. Finally, even assuming that respondent had requested that Family Court impose a suspended judgment, this Court recently concluded that “[t]he only statutorily authorized disposition after a finding of abandonment is an order committing the child’s custody to [the] petitioner; a suspended judgment is not an option” (Matter of Erving BB. [Lynette EE.], 111 AD3d at 1104). Accordingly, respondent is not entitled to the relief he now seeks.
McCarthy, J.E, Garry and Rose, JJ., concur. Ordered that the order is affirmed, without costs.