■ In the Matter of KAITLYN E., a Child Alleged to be Abandoned. WARREN COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LYNDSAY E., Appellant. (And Another Related Proceeding.) [904 NYS2d 562]—

Cardona, P.J. Appeal from an order of the Family Court of Warren County (Breen, J.), entered September 30, 2009, which, among other things, granted petitioner's application, in two proceedings pursuant to Social Services Law § 384-b, to adjudicate Kaitlyn E. an abandoned child, and terminated respondent's parental rights.

After a neglect petition was filed against her in August 2007, respondent, who is the mother of Kaitlyn E. (born in 2006), consented to temporary placement of the child in foster care. Respondent subsequently admitted that at approximately 4:00

A.M. on August 11, 2007, she was arrested after police observed her in a car with her child, who was naked, screaming, and not in a car seat. The police also observed in that car a man with his pants unzipped and cocaine. Based on respondent's admission, Family Court adjudicated the child to be neglected and extended placement. Placement was subsequently extended through several permanency hearings. During that period, the child's father executed a surrender instrument.

Following a period from late June 2008 to early February 2009 wherein respondent did not visit or communicate with the child, petitioner commenced these two proceedings seeking to terminate respondent's parental rights on the grounds of abandonment and permanent neglect, respectively. After a fact-finding hearing, Family Court dismissed the permanent neglect petition, but granted the petition premised on abandonment. Respondent appeals.

We affirm. Through testimony and documentation provided by respondent's caseworkers, petitioner established by clear and convincing evidence that respondent did not visit or communicate with the child during the six months immediately preceding the filing of the petitions; specifically, from August 4, 2008 through February 4, 2008 (see Social Services Law § 384-b [4] [b]; [5] [a]; Matter of Annette B., 4 NY3d 509, 513-514 [2005]; Matter of Gabriel D. [Andrea D.], 68 AD3d 1505, 1506 [2009], lv denied 14 NY3d 703 [2010]). The burden thus shifted to respondent to show that she maintained sufficient contact, was unable to do so, or was discouraged or prevented from doing so by petitioner (see Social Services Law § 384-b [5] [a]; Matter of Anthony I., 61 AD3d 1320, 1321-1322 [2009]).

On appeal, respondent does not dispute her lack of contact during the relevant period. Instead, she argues that petitioner discouraged visitation. We find this argument to be unpersuasive in light of petitioner's many attempts to reach respondent by telephone, as well as the numerous letters sent by caseworkers that outlined the visitation schedule and which, after respondent ceased appearing for scheduled visits, encouraged her to contact petitioner to work out new arrangements (see Matter of Mahogany Z. [Wayne O.], 72 AD3d 1171, 1172-1173 [2010]). Nor are we persuaded by respondent's contention that petitioner's failure to schedule visitation during the three-month period during which she was incarcerated following her August 2007 arrest in some way discouraged respondent's visitation with the child after she was released. Significantly, respondent's period of incarceration was completed nine months prior to commencement of the six-month period at issue, and during that nine

months respondent did sporadically visit with the child. In any event, while the obligation to facilitate visitation with an incarcerated parent is relevant to a finding of permanent neglect, petitioner is not required to demonstrate diligent efforts to encourage parental contact in support of a determination of abandonment (*see* Social Services Law § 384-b [5] [b]; *Matter of Mahogany Z.*, 72 AD3d at 1172-1173). Finally, respondent's lack of contact is not excused by her claim that she was afraid to visit the child during the relevant period because a warrant had been issued for her arrest after she failed to comply with a genetic testing order (*see Matter of Alex MM.*, 260 AD2d 675, 676 [1999]).

Respondent's remaining contentions have been considered and found to be unpersuasive.

Peters, Spain, McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.