■ In the Matter of Dior H., a Child Alleged to be Permanently Neglected. Ulster County Department of Social Services, Respondent; Rondu H., Appellant. [908 NYS2d 770]—

Garry, J. Appeal from an order of the Family Court of Ulster County (Work, J.), entered June 4, 2009, which, among other things, granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's child to be abandoned, and terminated respondent's parental rights.

Respondent and Annay I. (hereinafter the mother) are the parents of one child, born in 2004. Respondent did not reside with the mother and child at any relevant time, but did briefly have temporary custody of the child in the summer of 2005, when he resided with the child and the paternal grandmother. The grandmother was awarded temporary custody in August 2005, continuing until her death in May or June 2006, and thereafter the child was in the care of an aunt for a short period. In June 2006, respondent left the child with a babysitter while filing a family offense petition against the mother; the mother encountered the child and babysitter, took the child, and delivered her into the care of a friend (hereinafter the foster mother). In October 2006, this foster care was formalized following the mother's execution of a voluntary placement with petitioner. The child has resided continuously with the foster mother and her husband from June 2006 to date.

In December 2007, petitioner commenced a proceeding against the mother alleging that she had permanently neglected the child and a separate proceeding against respondent alleging that he had abandoned the child, claiming, in pertinent part, that respondent had not visited the child since March 2007. Family Court granted both applications in June 2009, and terminated respondent's parental rights. Respondent appeals.

Petitioner was required to establish by clear and convincing evidence that respondent abandoned the child during the six-month period before the petition was filed—here, between June 15, 2007 and December 14, 2007 (*see* Social Services Law § 384-b [4] [b]; [5] [a]; *Matter of Gabriel D. [Andrea D.]*, 68 AD3d 1505, 1506 [2009], *lv denied* 14 NY3d 703 [2010]). "A parent is deemed to have abandoned a child if he or she 'evinces an intent to forego his or her parental rights and obligations as manifested by his or her failure to visit the child and communicate with the child or agency, although able to do so and not prevented or discouraged from doing so by the agency' " (*Matter of Anthony I.*, 61 AD3d 1320, 1321 [2009], quoting Social Services Law § 384-b [5] [a]). The foster mother testified that although respondent had some sporadic contact with the child in 2006, he did not visit or contact her thereafter. Petitioner's caseworker testified that she arranged one visit between respondent and the child in March 2007, but that no further visits took place and, further, that respondent contacted petitioner only once during the statutory period, when he called—on the day before the petition was filed—in response to her request to provide his new telephone number. This testimony was sufficient to shift the burden to respondent to show that he "maintained sufficient contact, was unable to do so, or was discouraged or prevented from doing so by petitioner" (*Matter of Kaitlyn E. [Lyndsay E.]*, 75 AD3d 695, 696 [2010]; *see Matter of Peter F.*, 281 AD2d 821, 823 [2001]).

Respondent testified that he visited the child in May 2007 and November 2007. This was supported to some extent by testimony of the mother and respondent's cousin, each of whom described several visits between respondent and the child. However, Family Court did not find this testimony reliable, noting that the witnesses displayed significant confusion about dates, and that by respondent's own testimony he visited the child only once during the statutory period. We defer to Family Court's determination that respondent's visits with the child took place, if at all, before April 2007, and that he did not visit the child during the pertinent six-month period, insofar as it involved an assessment of credibility (*see Matter of Michaela PP. [Derwood PP.]*, 72 AD3d 1430, 1431 [2010], *lv denied* 15 NY3d 705 [2010]; *Matter of Gabriel D. [Andrea D.]*, 68 AD3d at 1506). For that reason we also defer to the court's refusal to credit respondent's assertion that he did not know that the child was in foster care until he spoke with the caseworker immediately before the filing of the abandonment petition (*see Matter of Anthony I.*, 61 AD3d at 1322). Petitioner conceded that it used an incorrect address for many notices and items of correspon-

dence it sent to respondent, even after being provided with his correct address. However, respondent's cousin testified that respondent received several mailings from petitioner at the cousin's address, that the cousin read this correspondence to him,* and that these mailings advised him of the child's foster placement. Moreover, in the context of this abandonment proceeding, petitioner was not required to demonstrate that it undertook diligent efforts to encourage the parent's visitation or communication with the child (*see* Social Services Law § 384-b [5] [b]; *Matter of Kaitlyn E. [Lyndsay E.]*, 75 AD3d at 697).

Further, even had it been established that respondent had some contact with the child during the pertinent period, " '[s]poradic or insubstantial contact is insufficient to defeat a finding of abandonment' " (*Matter of Gabriel D. [Andrea D.]*, 68 AD3d at 1506, quoting *Matter of Chantelle TT.*, 281 AD2d 660, 661 [2001]). We disagree with respondent's contention that the absence of specific language in Social Services Law § 384-b (5) pertaining to insubstantial or infrequent parental contact during the statutory period dictates the conclusion that even a single contact is sufficient to defeat a finding of abandonment (*compare* Social Services Law § 384-b [7] [b]). It is well established that minimal, sporadic, or inconsistent contacts are insufficient for this purpose (*see e.g. Matter of Malikah MM.*, 40 AD3d 1173, 1174 [2007]; *Matter of Amber F.*, 272 AD2d 788, 789 [2000]; *Matter of Nahiem G.*, 241 AD2d 632, 633 [1997]). Family Court aptly characterized respondent's relationship to the child, manifested by his occasional, inconsistent contacts with her, as "that of a friendly but irresponsible uncle who drops in and out of her life at his convenience." Upon review, we uphold the finding of abandonment.

Mercure, J.P., Malone Jr., McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.

---

* Respondent suffers from a visual impairment.