■ In the Matter of GABRIELLA I., a Child Alleged to be Abandoned. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JESSICA J., Appellant. [912 NYS2d 763]—

Lahtinen, J. Appeal from an order of the Family Court of Broome County (Charnetsky, J.), entered December 9, 2009, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate Gabriella I. an abandoned child, and terminated respondent's parental rights.

In early 2006, respondent, then 16 years old, gave birth to Gabriella I. Shortly thereafter, respondent ran away from her person in need of supervision placement, leaving the child at the facility. Petitioner received emergency custody of the child and, once located, respondent consented to a finding of neglect. The child has remained continuously in foster care since April 2006. Petitioner commenced this proceeding in February 2009 alleging abandonment as a ground to terminate respondent's

parental rights. Family Court determined, after a hearing, that respondent had abandoned the child. The court then terminated her parental rights and freed the child for adoption. Respondent appeals.

The sole issue argued by respondent is that the proof was insufficient to establish that she abandoned the child. "We will not disturb a determination of abandonment if clear and convincing evidence supports the finding that the parent failed to visit or communicate with the child or the petitioning agency during the six-month period immediately prior to the date of the filing of the petition, although able to do so and not prevented or discouraged from doing so by the petitioner" (*Matter of Alec B.*, 34 AD3d 1110, 1110 [2006] [citations omitted]; *see* Social Services Law § 384-b [5] [a]). "A parent's ability to visit and/or communicate with his or her child is presumed, and once a failure to do so is established, the burden is upon the parent to prove an inability to maintain contact or that he or she was prevented or discouraged from doing so by the petitioning agency" (*Matter of Jackie B. [Dennis B.]*, 75 AD3d 692, 693 [2010] [citations omitted]). "Within the context of an abandonment proceeding, petitioner is under no obligation to exercise diligent efforts to encourage a parent to establish a relationship with his or her child" (*Matter of Devin XX.*, 20 AD3d 639, 640 [2005] [citation omitted]) and "[s]poradic or insubstantial contact is insufficient to defeat a finding of abandonment" (*Matter of Michaela PP. [Derwood PP.]*, 72 AD3d 1430, 1430 [2010], *lv denied* 15 NY3d 705 [2010] [internal quotation marks and citations omitted]).

The three caseworkers who were assigned to respondent's case during the relevant six months from August 2008 to February 2009 testified that respondent made no visits to the child in that time. Respondent relocated from the Albany area to the City of Binghamton, Broome County in September 2008. She then moved to Louisiana in October 2008 and remained there for the duration of the relevant period. A caseworker assigned to respondent until early October 2008 recalled that respondent did not talk about the child or visitation in their conversations, but, when the caseworker specifically asked about visitation, respondent indicated that she was still interested. However, she failed to take any steps to make a visit and, instead, soon moved a significant distance from the child. Respondent did not provide caseworkers with advance notice of her move to Louisiana. Once she had moved, she did not supply information as to where or how she could be reached, did not request visitation, did not seek updates about the child, and failed to stay in contact with

the assigned caseworkers. The caseworkers related that they did nothing to discourage respondent from contacting the child or them. Although respondent claimed that she made some efforts to contact her caseworkers and exhibited an interest in the child, her testimony was at odds with petitioner's proof and created a credibility issue. Family Court resolved the credibility issue in favor of petitioner's witnesses and we accord considerable deference to Family Court's credibility determination (see *Matter of Jackie B. [Dennis B.]*, 75 AD3d at 694; *Matter of Michaela PP. [Derwood PP.]*, 72 AD3d at 1431). The record contains ample proof to support Family Court's conclusion that respondent abandoned the child.

Peters, J.P., Spain, Kavanagh and Garry, JJ., concur. Ordered that the order is affirmed, without costs.