■ In the Matter of BRAIDYN NN., a Child Alleged to be Abandoned. RENSSELAER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CHARLES OO., Appellant. [931 NYS2d 757]—

Stein, J.

Respondent is the father of the subject child (born in 2005). With respondent's knowledge, the child's mother voluntarily placed the child in petitioner's care and custody when the child was two years old. The mother conditionally surrendered her parental rights to the child thereafter. During the relevant time frame, respondent visited the child only sporadically.

Petitioner commenced this proceeding seeking to terminate respondent's parental rights on the ground of abandonment, alleging that respondent failed to visit or communicate with the child for the six months immediately prior to the filing of the petition. Petitioner thereafter moved for an order granting summary judgment adjudicating the child to be abandoned by respondent and terminating respondent's parental rights. Respondent now appeals from Family Court's order granting petitioner's motion and terminating respondent's parental rights.

We affirm. To be entitled to summary judgment, petitioner

---

**4.** We note that plaintiff moved with the children to New York shortly before the action was commenced.

bore the burden of showing as a matter of law that respondent " 'failed to visit or communicate with the child or the petitioning agency during the six-month period immediately prior to the date of the filing of the petition, although able to do so and not prevented or discouraged from doing so by the petitioner' " (*Matter of Ryan I. [Laurie U.],* 82 AD3d 1524, 1525 [2011], quoting *Matter of Alec B.*, 34 AD3d 1110, 1110 [2006]; *accord Matter of Leon CC. [Larry CC.],* 86 AD3d 764, 765 [2011]; *see* Social Services Law § 384-b [5] [a]). Here, petitioner demonstrated through the affidavits of the child's foster parent and one of petitioner's caseworkers, together with supporting documents, that respondent's last contact with the child was a supervised visit conducted on July 29, 2009[1]—11 months prior to the filing of the instant petition—and that, since that time, respondent has not written to or sought to speak with the child, nor has he made any attempts to schedule a visit with the child.

Petitioner's submissions further reflect that, despite being under no duty to make diligent efforts to encourage the relationship between respondent and the child (*see Matter of Gabriella I. [Jessica J.],* 79 AD3d 1317, 1318 [2010], *lv denied* 16 NY3d 704 [2011]; *Matter of Kaitlyn E. [Lyndsay E.],* 75 AD3d 695, 697 [2010]), petitioner made numerous efforts toward that end, to no avail. Among other things, petitioner's caseworker sent respondent a number of letters reminding him of the scheduled visits with the child and, later, of the child's service plan reviews. In each of these letters, the caseworker requested that respondent contact him in order to discuss the child's future. Respondent never contacted petitioner. Based on this evidence, petitioner amply demonstrated that respondent failed to visit or communicate with the child or the petitioning agency during the six-month period immediately prior to the date of the filing of the petition, although able to do so[2] and not prevented or discouraged from doing so by petitioner (*see* Social Services Law § 384-b [5] [a]; *Matter of Leon CC. [Larry CC.],* 86 AD3d at 766; *Matter of Ryan I. [Laurie U.],* 82 AD3d at 1525). Accordingly, the burden shifted to respondent to present a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Matter of Hannah UU.*, 300 AD2d 942, 943-944 [2002], *lv denied* 99 NY2d 509 [2003]).

---

**1.** The record establishes that respondent thereafter failed to confirm or attend eight consecutive scheduled visits with the child.

**2.** We note that respondent's ability to communicate or maintain contact with the child is presumed (*see* Social Services Law § 384-b [5] [a]; *Matter of Gabriella I. [Jessica J.],* 79 AD3d at 1318), although such presumption may be rebutted by evidence to the contrary (*see Matter of Leon CC. [Larry CC.],* 86 AD3d at 766).

In opposition to the motion, respondent did not dispute petitioner's evidence that he failed to visit or contact the child for over 11 months, nor did he present evidence that he was unable to do so. Respondent's primary contention is that petitioner discouraged contact between him and the child and frustrated his efforts to seek visitation. However, even reviewing the evidence in the light most favorable to respondent (*see Rought v Price Chopper Operating Co., Inc.*, 73 AD3d 1414, 1414 [2010]), such conclusory assertions, without any supporting evidence or examples of instances in which he sought visitation and petitioner thwarted such efforts, are insufficient to create an issue of fact requiring a trial (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324). Thus, we find that Family Court properly granted petitioner's motion for summary judgment determining that respondent abandoned the child.

Nor do we perceive any reason to disturb Family Court's determination that the child's best interests "would not be served by any further delay of the final adjudication of this matter" and, therefore, that respondent's parental rights should be terminated (*see Matter of Jackie B. [Dennis B.]*, 75 AD3d 692, 694 [2010]; *Matter of Jacob WW.*, 56 AD3d 995, 998 [2008]; *see also Matter of Kyle M.*, 5 AD3d 489, 491 [2004]). The record establishes, without contradiction, that respondent failed to visit or communicate with the child for a consecutive 11-month period. Moreover, the child had been in foster care for the great majority of his life with foster parents who appear to be loving and willing to adopt him. Finally, "although by no means determinative, this conclusion is in accord with the position advanced by the [Attorney for the Child]" (*Matter of Siler v Wright*, 64 AD3d 926, 929 [2009]).

To the extent not specifically addressed herein, we have reviewed respondent's remaining contentions and find them to be without merit.

Rose, J.P., Malone Jr., Kavanagh and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.