Stein, J.
Appeal from an order of the Family Court of Chemung County (Brockway, J.), entered April 25, 2011, which, among other things, granted petitioner’s application, in a proceeding pursuant to Family Court Act article 6, to modify a prior order of visitation.
Petitioner (hereinafter the mother) and respondent Johnnie Moore (hereinafter the father) are the parents of one child (born in 2004). As a result of the incarceration of the mother and the father for various periods of time, the child has been in the care of respondent Tawny Schill since he was six months old. The child had limited contact with the father while the father was incarcerated and, upon the father’s release from incarceration, had gradually increased visitation time, with overnight visits commencing in March or April 2010. In May 2010, the parties stipulated to a visitation order, entered June 7, 2010, which, among other things, provided that the father would have visitation with the child every Wednesday evening and on alternate weekends. On June 18, 2010, the mother commenced the first of the instant proceedings against the father and Schill,[1] seek *1600 ing to modify the prior visitation order based on the mother’s allegations that, among other things, the child was exhibiting aggressive and unruly behavior as a result of visiting the father, necessitating that the child enroll in counseling. The father thereafter commenced the second of these proceedings against the mother and Schill, alleging that they had violated the terms of the order by interfering with his visitation.
At the initial appearance on the petitions, Family Court scheduled an in camera interview to be conducted prior to the commencement of the fact-finding hearing in order to assist the court in determining what, if any, visitation between the father and the child would be appropriate pending a decision on the petitions. Following a fact-finding hearing conducted on two separate dates over a period of approximately six months, in which the mother, the father and Schill testified, Family Court rendered a decision and order modifying the prior visitation order. The new order initially provided for, among other things, therapeutically supervised visitation between the father and the child and that, following therapeutic intervention and evaluation regarding the resumption of supervised or unsupervised visitation, any party could petition the court for a determination of the child’s best interests with regard to future visitation. The father now appeals[2] and we affirm.
It is well settled that “[a] petitioner seeking to modify an existing visitation order must demonstrate ‘a change in circumstances that reflects a genuine need for the modification so as to ensure the best interests of the child’ ” (Matter of Sumner v Lyman, 70 AD3d 1223, 1224 [2010], lv denied 14 NY3d 709 [2010], quoting Matter of Taylor v Fry, 63 AD3d 1217, 1218 [2009]; accord Matter of White v Cicerone, 80 AD3d 1102, 1103 [2011] , lv denied 16 NY3d 711 [2011]). We discern no error in Family Court’s determination that there had been a change in circumstances warranting modification of the prior visitation order, notwithstanding the short period of time that elapsed between entry of the prior order and commencement of the instant proceeding.[3] The mother testified at the fact-finding hearing that, while the child initially responded well to overnight visits at the father’s home, as time progressed, the child became agitated when it was time to leave to visit the father to the point *1601 where he was “kicking and screaming” in an effort to resist. She further testified that the child began displaying aggressive behavior toward objects, animals and other children after visiting with the father. As a result of this behavior, the mother enrolled the child in counseling.
Schill’s testimony corroborated that of the mother with regard to the child’s aggressive behavior and indicated that the child had reported being injured in altercations with his older half siblings at his father’s home. She also testified that the father had upset the child by engaging in an ongoing conflict over the fact that the child did not use the father’s surname. In addition, Schill testified that the child has significant difficulty adjusting to change and becomes easily stressed and agitated by deviations from his normal routine.
In contrast, the father testified that the child had exhibited no signs of distress during the visits and attributed the mother’s request for a modification of the visitation order to an argument which had taken place just prior to her filing of the instant petition and to a general desire on her part to limit his contact with the child. Family Court clearly accorded limited credibility to such testimony. Moreover, the father’s testimony established that he had refused to participate in the child’s counseling because he did not feel that he had done anything wrong and that he had not visited with the child, nor made any attempt to attend the child’s sporting events or to remain informed about the child’s health or education, and made minimal efforts to communicate with the child during the approximately nine months between the filing of the mother’s petition and the conclusion of the fact-finding hearing.[4]
The foregoing evidence, indicating, among other things, that “the desire of the [child] to visit the noncustodial parent has changed[,]” established a sufficient change in circumstances since entry of the prior order (Matter of Brown v Erbstoesser, 85 AD3d 1497, 1499 [2011]; see Matter of Burch v Willard, 57 AD3d 1272, 1273 [2008]; Matter of Bowers v Bowers, 266 AD2d 741, 742 [1999]). According due deference to Family Court’s credibility assessments and upon our review of the transcript of the court’s in camera interview of the child, we also find a sound and substantial basis in the record for the court’s determination that the best interests of the child will be served by requiring, at least initially, that the father’s visitation be therapeutically supervised and we, therefore, decline to disturb it (see Matter of *1602 Nicole J.R. v Jason M.R., 81 AD3d 1450, 1451 [2011], lv denied 17 NY3d 701 [2011]; Matter of Braswell v Braswell, 80 AD3d 827, 831 [2011]; Matter of Flood v Flood, 63 AD3d 1197, 1198 [2009]).[5]
We have reviewed the father’s remaining contentions and find them to be either unpreserved or lacking in merit.
Mercure, J.E, Rose, Garry and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.

. The mother was then residing with Schill and the child.

. Family Court also found that the mother had willfully violated the June 2010 order, but imposed no penalties as a result thereof. The father raises no argument with respect to this issue in his appellate brief.

. We note that we accord less weight to an arrangement based on a stipulation than to one resulting from a judicial determination after a hearing (see Matter of Hayward v Thurmond, 85 AD3d 1260, 1261 [2011]; Matter of Miosky v Miosky, 33 AD3d 1163, 1166-1167 [2006]).

. While such postpetition conduct may not be considered in determining whether there was a change in circumstances, it was relevant to a determination of the child’s best interests in fashioning a new visitation order.

. Although not determinative, this conclusion is in accord with the position of the attorney for the child (see Matter of Braidyn NN. [Charles OO.], 88 AD3d 1218, 1220 [2011]).