McCarthy, J.
Appeal from an order of the Family Court of Madison County (McDermott, J.), entered November 29, 2012, which granted petitioner’s application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate Erving BB. to be an abandoned child, and terminated respondent’s parental rights.
When respondent found herself homeless in June 2011, she signed a voluntary placement agreement and placed her son (born in 1999) in petitioner’s custody. Respondent visited him once in July 2011. Based on respondent’s lack of contact with her son or petitioner after that visit, petitioner commenced this abandonment proceeding in March 2012. Following a hearing, Family Court found that respondent abandoned her son, and terminated her parental rights. Respondent appeals.
We affirm. Petitioner met its initial burden of establishing by clear and convincing evidence that respondent failed to visit or communicate with petitioner or her child during the six months immediately prior to the filing of the petition, although she was “able to do so and not prevented or discouraged from doing so by . . . petitioner” (Matter of Alec B., 34 AD3d 1110, 1110 [2006]; see Social Services Law § 384-b [5] [a]; Matter of Gabriella I. [Jessica J.], 79 AD3d 1317, 1318 [2010], lv denied 16 NY3d 704 [2011]). The ability to visit and communicate is presumed absent evidence to the contrary (see Social Services Law § 384-b [5] [a]); “once a failure to do so is established, the burden is upon the parent to prove an inability to maintain contact or that he or she was prevented or discouraged from doing so by the petitioning agency” (Matter of Jackie B. [Dennis B.], 75 AD3d 692, 693 [2010]; see Matter of Gabriella I. [Jessica J.], 79 AD3d at 1318). Despite respondent’s intermittent homelessness, difficulties in arranging transportation, and lack of finances and accessible phone service, at some points during the six-month period she had housing and employment. Thus, Family Court found that it would not have been impossible or unfeasible for respondent to contact petitioner or her child at some time during that period (see Matter of Yvonne N., 16 AD3d 789, 791 [2005]; Matter of John Z., 209 AD2d 821, 822 [1994]). Accepting Family Court’s credibility determinations, respondent failed to meet her burden to show that petitioner prevented or discouraged her from visiting or communicating with petitioner or her son.
Unlike in a permanent neglect proceeding, in an abandonment proceeding petitioner is not required to prove that it *1104 exercised diligent efforts to reunite the family or assist the parent in maintaining contact (see Social Services Law § 384-b [5] [b]; Matter of Lamar LL. [Loreal MM.], 86 AD3d 680, 681 [2011], lv denied 17 NY3d 712 [2011]; Matter of Kaitlyn E. [Lyndsay E.], 75 AD3d 695, 697 [2010]; compare Social Services Law § 384-b [7] [a], [f]). The only statutorily authorized disposition after a finding of abandonment is an order committing the child’s custody to petitioner; a suspended judgment is not an option (see Social Services Law § 384-b [3] [g]; compare Family Ct Act § 631 [permitting suspended judgment as an option after a finding of permanent neglect]). Thus, Family Court properly terminated respondent’s parental rights.
Lahtinen, J.P., Spain and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.