*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 15, 2016                521845
_____

In the Matter of COLBY II.,
    Alleged to be an
    Abandoned Child.

ALBANY COUNTY DEPARTMENT FOR
    CHILDREN, YOUTH AND                    MEMORANDUM AND ORDER
    FAMILIES,
                    Respondent;

SHEBA II.,
                    Appellant.
_____

Calendar Date:  October 17, 2016

Before:  Egan Jr., J.P., Rose, Clark, Mulvey and Aarons, JJ.

_____

    Jo M. Katz, Troy, for appellant.

    Daniel C. Lynch, County Attorney, Albany (Jeffrey G.
Kennedy of counsel), for respondent.

    Jeffrey S. Berkun, Albany, attorney for the child.

_____

Mulvey, J.

    Appeal from an order of the Family Court of Albany County
(Maney, J.), entered January 9, 2015, which granted petitioner's
application, in a proceeding pursuant to Social Services Law
§ 384-b, to adjudicate the subject child to be abandoned, and
terminated respondent's parental rights.

    Respondent is the mother of a son (born in 2002).  In
August 2013, pursuant to Family Ct Act § 1024, the child was

removed from respondent's care.  Following fact-finding hearings, Family Court adjudicated the child to be neglected and, in April 2014, placed him in the custody of petitioner.  In August 2014, petitioner commenced this proceeding to terminate respondent's parental rights on the ground of abandonment.  Following a fact-finding hearing, the court determined that respondent had abandoned the child and terminated her parental rights. Respondent now appeals.

"A finding of abandonment is warranted when it is established by clear and convincing evidence that the parent failed to visit or communicate with the child or the petitioning agency during the six-month period immediately prior to the filing of the abandonment petition, although able to do so and not prevented or discouraged from doing so by petitioner" (Matter of Dimitris J. [Sarah J.], 141 AD3d 768, 769 [2016] [internal quotation marks, brackets and citations omitted]; see Social Services Law § 384-b [5] [a]).  Once petitioner establishes that a parent failed to maintain sufficient contact with a child for the statutory period of six months, the burden shifts to the parent to establish that he or she "maintained sufficient contact, was unable to do so, or was discouraged or prevented from doing so by petitioner" (Matter of Kaitlyn E. [Lyndsay E.], 75 AD3d 695, 696 [2010]; see Matter of Dior H. [Rondu H.], 77 AD3d 1066, 1067 [2010]).

We find that petitioner met its burden of demonstrating that respondent failed to maintain sufficient contact with the child for the relevant period through the testimony of both the caseworker and the clinical case manager.  Their testimony was sufficient to shift the burden to respondent to establish that she maintained sufficient contact with the child during the statutory period.  Respondent attempted to prove that she had contacted the child through her proffered testimony and documentary proof regarding Facebook messages between her and the child during the relevant period.  Respondent's principal contention on appeal is that Family Court erred in its rulings that no proper foundation had been established for the admission of proof that she had communicated with the subject child by

Facebook messenger[1] using her adult son's account.  The parties stipulated that the child did have contact with respondent through Facebook, and, specifically, that the child was the sender of Facebook messages transmitted under his name.  Although the parties so stipulated, Family Court erred in finding that respondent failed to establish a foundation for the proffered document through her testimony and in precluding her testimony regarding the frequency of her communications with the child via Facebook.

A recorded conversation – such as a printed copy of the content of a set of cell phone instant messages – may be authenticated through, among other methods, the "testimony of a participant in the conversation that it is a complete and accurate reproduction of the conversation and has not been altered" (People v Agudelo, 96 AD3d 611, 611 [2012] [internal quotation marks, brackets and citation omitted], lv denied 20 NY3d 1095 [2013]).  Notably, "[t]he credibility of the authenticating witness and any motive she [or he] may have had to alter the evidence go to the weight to be accorded this evidence, rather than its admissibility" (id.).  Respondent testified that she was present when her counsel printed the Facebook messages at his office, and that she reviewed the entire document to ensure that it was a full and complete copy.  The aforementioned stipulation and respondent's testimony, when combined with her adult son's testimony confirming that he had provided respondent with his account information, password and permission to use the account for communication with the child, constituted a sufficient foundation for the admission into evidence of the printed messages and her related testimony (see People v Ely, 68 NY2d 520, 527-528 [1986]; People v Green, 107 AD3d 915, 916-917 [2013], lv denied 22 NY3d 1088 [2014]; People v Agudelo, 96 AD3d at 611).

---

[1]  "Facebook . . . has a private messaging service that works much like an email account, or text function on a smart phone" (Matter of 381 Search Warrants Directed to Facebook, Inc. [New York County Dist. Attorney's Off.], 132 AD3d 11, 13 [2015], lv granted 26 NY3d 914 [2015]).

By erroneously precluding this proffered evidence, Family Court deprived respondent of her due process right to a full and fair opportunity to be heard.  In a proceeding to terminate parental rights "the court is obliged to ensure that the proceeding is fair and that due process is afforded to an individual whose parental rights may be terminated" (Matter of Eileen R. [Carmine S.], 79 AD3d 1482, 1483 [2010]).  The frequency and content of these Facebook communications are relevant in determining whether respondent initiated or maintained substantial contact with the child during the statutory period (see Matter of Dior H. [Rondu H.], 77 AD3d at 1068; Matter of Kaitlyn E. [Lyndsay E.], 75 AD3d at 696).  Accordingly, we reverse the order and remit the matter for a further fact-finding hearing at which the printed Facebook messages are to be admitted into evidence and respondent permitted to testify as to, and be cross-examined on, the nature and extent of her Facebook communications with the child and any other issues related thereto.

In light of our determination, respondent's remaining contentions are academic.

Egan Jr., J.P., Rose, Clark and Aarons, JJ., concur.


ORDERED that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Albany County for further proceedings not inconsistent with this Court's decision.


ENTER:

Robert D. Mayberger
Clerk of the Court